IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRYAN C. LOWERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-CV-3088-SMY |
| | ) | |
| RICHARD J. HEDMANN, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are Plaintiff Bryan C. Lowery's Motion for Recruitment of Counsel (Doc. 4) and Motion for Leave to Proceed *in forma pauperis* (Doc. 5).

### Motion for Recruitment of Counsel

Litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote,* 503 F.3d 647, 649 (7th Cir. 2007).  That said, under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty,* 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court considers (1) whether the indigent litigant has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the litigant's capacity as a layperson to coherently present it. *Navejar v. Iyiola,* 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt,* 503 F.3d at 655).

Here, Lowery alleges that he contacted a few law firms but that he has no money for their consultation and retainer fees (Doc. 4, p. 1).  However, it is not evident that this civil rights action is beyond his abilities.  Accordingly, Lowery's Motion for Recruitment of Counsel (Doc. 4) is **DENIED**.

**Motion to Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating, "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). The Court is satisfied from Lowery's affidavit that he is indigent and cannot pay the $400.00 filing fee at this time (Doc. 5). But the Court's inquiry does not end there. Additionally, 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. The Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

Lowery, an Illinois citizen, filed a Pro Se Civil Rights Complaint, purportedly pursuant to 42 U.S.C. § 1983 (Doc. 3). He alleges that an employer and two defendant doctors either refused to or did not properly treat him for a work injury, in violation of the "14th amendment, 9th amendment, 5th amendment, and 7th amendment". *Id.* None of the Defendants appear to be employed by the state, local or federal government.

When a plaintiff brings a § 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that that individual or entity acted under the color of state law. *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 822-23 (7th Cir. 2009). Private actors may become state actors when the state delegates a public function to a private entity or when the state "effectively directs or controls the actions of the private party such that the state can be held responsible for the private party's decision." *Johnson v. LaRabida Children's Hosp.,* 372 F.3d 894, 896 (7th Cir. 2004). Because Lowery's Complaint contains no allegations

that ProLogistix Staffing or the two private doctors acted under state law or were state actors, he

cannot maintain a § 1983 lawsuit against them.

For the foregoing reasons, Plaintiff's Motion for Recruitment of Counsel (Doc. 4) and

Motion for Leave to Proceed *in forma pauperis* (Doc. 5) are **DENIED**.  The Complaint (Doc. 3)

is **DISMISSED without prejudice** for failing to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to close the case.

      **IT IS SO ORDERED.**

      **DATED:  February 6, 2023**

                                                **STACI M. YANDLE**
                                                **United States District Judge**